IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

C.A. NO. __0:16-03249-JMC__

| | | |
|---|---|---|
| CAROLINA CARGO, INC. OF ROCK HILL, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | COMPLAINT |
| COUNTRYWIDE PAYROLL & HR SOLUTIONS, INC. d/b/a Countrywide HR, | ) ) ) ) ) | (Non-jury) |
| DEFENDANT. | ) ) | |

COMES NOW the Plaintiff CAROLINA CARGO, INC. OF ROCK HILL ("Carolina Cargo" or "Plaintiff"), by and through the undersigned counsel, and, complaining of the Defendant COUNTRYWIDE PAYROLL & HR SOLUTIONS, INC. d/b/a Countrywide HR ("Defendant"), would respectfully allege and show unto this Court as follows:

PARTIES, JURISDICTION & VENUE

1.)     Plaintiff is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business located in York County, South Carolina.

2.)     Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Orange County, Florida, and since November 12, 2015 has been registered to transact business as a foreign corporation in South Carolina by and through the South Carolina Secretary of State.

1

GREENVILLE 1461986.1

3.)　　Upon information and belief, Defendant may be served through its registered agent in South Carolina, Incorp Services, Inc., 317 Ruth Vista Road, Lexington, South Carolina 29073.

4.)　　This Complaint seeks restitution in an amount exceeding $75,000 and a declaration of the District Court invalidating an agreement between Carolina Cargo and Defendant for services to be performed in the State of South Carolina, including but not limited to the insuring of persons and risks located in South Carolina.

5.)　　This District Court has jurisdiction over the parties hereto pursuant to S.C. CODE ANN. § 36-2-803 and the subject matter hereof pursuant to 28 U.S.C. § 1332.

6.)　　Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7.)　　Carolina Cargo and Defendant executed and entered an agreement dated December 17, 2013 (the "Service Agreement") whereby Defendant would provide "employer of record" services to Carolina Cargo in exchange for payment of costs plus certain fees. A copy of the Service Agreement is attached hereto as **EXHIBIT A** and fully incorporated herein by reference.

8.)　　Pursuant to paragraph 2(a) of the Service Agreement, Defendant "agree[d] to assume full responsibility for paying, withholding, transmitting payroll taxes; making unemployment contributions; making child support payments and any other state or federal garnishments; filing certified payroll for clients and handling unemployment and workers' compensation claims" for assigned employees.

GREENVILLE 1461986.1

9.)     Pursuant to paragraph 2(b) of the Service Agreement, Defendant acknowledged that the employees assigned to Carolina Cargo were in fact the employees of Defendant and agreed to "provide workers' compensation insurance coverage at all times during the term" of the assignment.

10.)     Under this arrangement, employment responsibilities were shared between Defendant and Carolina Cargo, with Defendant managing/providing human resources and mandated employer functions on behalf of Carolina Cargo and Carolina Cargo managing the company's daily operations.

11.)     The Service Agreement constitutes a contract for the provision of "professional employer services" and Defendant was operating in South Carolina as a "professional employer organization" as defined by S.C. CODE ANN. § 40-68-10.

12.)     Notwithstanding the licensing requirements imposed by S.C. CODE ANN. § 40-68-30(A) and other applicable authorities, which are intended to protect entities such as Plaintiff, Defendant is not and never has been licensed by the South Carolina Department of Consumer Affairs to "engage in or offer professional employer services" in South Carolina.

13.)     Moreover and upon information and belief, Defendant has not satisfied any of the statutorily mandated obligations necessary to seek licensure as a professional employer organization in South Carolina.

14.)     Defendant voluntarily violated S.C. CODE ANN. § 40-68-10, *et seq.* in offering, marketing, contracting for and engaging in professional employer services in South Carolina without seeking or possessing the necessary licensure.

GREENVILLE 1461986.1

15.)    Voluntary violation of S.C. CODE ANN. § 40-68-10, *et seq.* is a criminal act and is punishable as a misdemeanor.

FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment)

16.)    Plaintiff repeats and realleges each and every allegation heretofore contained in this Complaint as if fully repeated herein verbatim.

17.)    This is a declaratory judgment action, pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and 28 U.S.C. § 2201, to resolve an actual controversy presently existing between the parties.

18.)    The Service Agreement is a contract for the provision of "professional employer services" by an entity that was not licensed as a "professional employer organization," and therefore the Service Agreement constitutes an illegal contract under South Carolina statutory law and public policy.

19.)    Defendant voluntarily violated the statutory requirements of S.C. CODE ANN. § 40-68-10, *et seq.* in offering services and entering into the Service Agreement, which constitutes a criminal act, and therefore the Service Agreement constitutes an illegal contract under South Carolina statutory law and public policy.

20.)    As the Service Agreement constitutes an illegal contract pursuant to the statutory law and public policy of the State of South Carolina, Plaintiff is entitled to a determination and declaration of this Court that the Service Agreement is void *ab initio*.

4

FOR A SECOND CAUSE OF ACTION
(Restitution)

21.)    Plaintiff repeats and realleges each and every allegation heretofore contained in this Complaint as if fully repeated herein verbatim.

22.)    In exchange for the employment services provided by Defendant under the Service Agreement, Defendant invoiced Carolina Cargo for payroll plus a percentage mark-up based upon the employee's workers' compensation coding. This mark-up "include[d] the amounts of all required FICA, FUTA, SUTA…workers' compensation, general liability insurance and administrative fees," and ranged from 14.72% to 26.36% depending on employee classification.

23.)    Defendant has continually refused to afford Carolina Cargo with workers' compensation insurance coverage and to handle workers' compensation insurance claims for employees covered under the Service Agreement. Notwithstanding, Defendant invoiced Carolina Cargo and was paid for those services.

24.)    As a result of Defendant's refusal to afford workers' compensation insurance coverage and to handle workers' compensation insurance claims for employees covered under the Service Agreement, the South Carolina Uninsured Employers' Fund had been forced to pay claims that should have been insured by Defendant and is now seeking to recover those amounts from Carolina Cargo.

25.)    In addition, Defendant charged Carolina Cargo an "administrative fee" under the Service Agreement, which constitutes an illegal contract under South Carolina statutory law and public policy and is therefore void.

26.)    The workers' compensation and administrative mark-up fees charged by and paid to Defendant by Carolina Cargo, which exceed several hundred thousand dollars, constitute a non-gratuitous benefit that was conferred upon Defendant by Carolina Cargo.

27.)    Defendant realized the benefit of those workers' compensation and administrative mark-up fees paid by Carolina Cargo.

28.)    It would be inequitable and Defendant would be unjustly enriched if permitted to retain those workers' compensation mark-up fees paid by Carolina Cargo given Defendant's failure to provide the services for which Carolina Cargo was charged.

29.)    It would be inequitable and Defendant would be unjustly enriched if permitted to retain those administrative mark-up fees paid by Carolina Cargo as those fees were obtained pursuant to a contract void for illegality.

30.)    Accordingly, Defendant has been unjustly enriched and Plaintiff is entitled to restitution in an amount to be determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
### (Fraud)

31.)    Plaintiff repeats and realleges each and every allegation heretofore contained in this Complaint as if fully repeated herein verbatim.

32.)    The Service Proposal, dated December 13, 2013, and Service Agreement, executed by Defendant's chief executive officer, Zachary Collier, on or about December 17, 2013 constitutes a representation by Defendant to Carolina Cargo that Defendant would "assume full responsibility for…workers' compensation claims" and "provide workers' compensation insurance" to Carolina Cargo.

GREENVILLE 1461986.1

33.)     This representation was false and untrue, and Defendant knew that this representation was false and untrue or acted with reckless disregard of its truth or falsity.

34.)     The representation was material to Carolina Cargo in that it induced and prompted Carolina Cargo to do business with Defendant, enter into the Service Agreement, and pay Defendant large sums of money in exchange for Defendant's representation that it would handle workers' compensation claims and provide workers' compensation insurance coverage to Carolina Cargo.

35.)     Defendant made the representation for the express purposes of inducing Carolina Cargo to do business with Defendant, enter into the Service Agreement, and pay Defendant large sums of money, and intended that the representation would in fact be acted upon by Carolina Cargo.

36.)     Carolina Cargo relied upon the truth, but was ignorant of the falsity, of Defendant's representation and fully believed Defendant would handle workers' compensation claims and provide workers' compensation insurance coverage to Carolina Cargo as promised.

37.)     Carolina Cargo had a right to rely upon the representations made by Defendant.

38.)     As a direct, consequent and proximate result of the fraudulent and false representations made by Defendant, Carolina Cargo suffered injury in an amount to be determined by the trier of fact.

WHEREFORE the Plaintiff, having fully complained against the Defendant, prays in the following particulars, to wit:

a.)     that this honorable Court determine that the Service Agreement constitutes an illegal contract and is void *ab initio*;

b.)    that this honorable Court declare that the Service Agreement constitutes an illegal contract and is void *ab initio*;

c.)    that this honorable Court grant Plaintiff restitution in an amount equal to all workers' compensation and administrative mark-up fees paid to Defendant;

d.)    that this honorable court award Plaintiff  actual and punitive damages on its fraud cause of action;

e.)    for the costs and disbursements of this action;

f.)    reasonable attorneys' fees; and

g.)    such other and further relief as this Court deems appropriate.

Respectfully submitted,

SMITH MOORE LEATHERWOOD, LLP


By:  s/ Joseph W. Rohe
Robert D. Moseley, Jr. (Fed. ID #5526)
Joseph W. Rohe (Fed. ID #11129)
2 W. Washington Street, Suite 1100
Greenville, South Carolina 29601
Telephone: (864) 751-7600
*Attorneys for Plaintiff*

Greenville, South Carolina

Dated:  September 27, 2016