**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCKHILL DIVISION**

| | | |
|---|---|---|
| Carolina Cargo, Inc. of Rock Hill, | ) | |
| | ) | Civil Action No. 0:16-cv-03249-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Countrywide Payroll & HR Solutions, Inc. d/b/a Countrywide HR, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| Carolina Cargo, Inc. of Rock Hill, | ) | |
| | ) | Civil Action No. 0:15-cv-04629-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Transportation Personnel Services, Inc. and P.T.O. Services, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Carolina Cargo, Inc. of Rock Hill filed a Complaint in the Court of Common Pleas of York County, South Carolina that alleged misrepresentation and fraud against Defendant Transportation Personnel Services, Inc. ("TPS") and Defendant P.T.O. Services, Inc. ("PTO") (collectively "Defendants") related to a service agreement, and requested declaratory judgment pursuant to Rule 57 of the South Carolina Rules of Civil Procedure (Declaratory Judgments) and S.C. Code Ann. § 15-53-10 (1976) (Uniform Declaratory Judgments Act). (ECF No. 1-1 at 9-10.)

This matter is before the court pursuant to Plaintiff's Motion to Consolidate [C/A No. 0:15-

cv-04629-JMC (ECF No. 37); C/A No. 0:16-cv-03249-JMC (ECF No. 5)]. Plaintiff argues that *Carolina Cargo Inc. of Rock Hill v. Countrywide Payroll & HR Solitions, Inc.*, C/A No. 0:16-cv-03249-JMC should be consolidated with *Carolina Cargo, Inc. of Rock Hill v. Transportation Personnel Services, Inc and P.T.O. Services, Inc.* C/A No. 0:15-cv-04629-JMC for discovery and trial.

For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Consolidate (ECF No. 37) without prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 14. 2016, Plaintiff filed a Motion to Consolidate based on Fed. R. Civ. P 42(a) because (1) "the parties are, upon information and belief, interrelated," (2) "the cases involve common questions of law and fact", and (3) "consolidation of these two cases for discovery and trial would be in the interest of judicial economy." (ECF No. 37 at 2.)

On December 1, 2016, Defendants filed a Response in Opposition to Plaintiff's Motion to Consolidate. (ECF No. 40.) Defendants argue (1) "Plaintiff's motion fails to meet the threshold requirement of showing a common issue of law or fact that is a prerequisite for consolidation under Rule 42(a)," (2) "even assuming a common issue of law or fact, Plaintiff fails to show how consolidation of these two distinct actions for discovery and trial would promote judicial economy or convenience," and (3) "consolidation of these two distinct actions would create a substantial risk of unfair prejudice and confusion that outweigh any efficiencies that might be achieved." (ECF No. 40 at 1.)

On December 12, 2016, Plaintiff filed a Reply in Response and argued that there is "a relationship existing between Defendants and [Defendant Countrywide HR]" and "there additionally appears to be a concerted action between the two with respect to their dealings with

Plaintiff under their respective service agreements." (ECF No. 41 at 2.) Plaintiff also requests "leave to conduct limited discovery into this relationship and renew its motion to consolidate upon completion of the same." (ECF No. 41 at 2.)

## II. LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure provides that, where actions involve a question of law or fact, the court may (1) "join for hearing or trial any and all matters at issue in the actions, (2) consolidate the actions, or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts are granted broad discretion to consolidate actions pending in the same district, as they are here. *See A/S/ J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977) "[C]onsolidation is appropriate when to do so will 'foster clarity, efficiency and the avoidance of confusion and prejudice." *Workman v. Nationwide Mut. Ins. Co.*, C/A Nos. 4:12-cv-02567-JMC, 4:11-cv-01734-JMC, 2013 WL 2285937, at *3 (D.S.C. May 23, 2013 (citation omitted). The Fourth Circuit has held that the critical question in determining whether to consolidate is:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the singe-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971)).

## III. ANALYSIS

Defendants argue that Plaintiff's motion fails to meet the threshold requirement because "[t]here is no claim of any corporate relationship with [Defendant Countrywide HR] that might affect the different contracts at issue and no common issue of fact or law because the parties are

3

different, the contracts are different, and the circumstances surrounding the dealings between the parties are different." (ECF No. 40 at 4.) Further, Defendants assert that Plaintiff's motion is premature because it relies on discovery that has yet to be conducted. (ECF No. 40 at 3.) The court agrees.

Plaintiff admits that "the only tangible document that Plaintiff possesses evidencing the relationship is PTO/Countrywide invoice, the existence of which Defendants, in true Nelsonian fashion, seemingly refuse to acknowledge and offer no explanation." (ECF No. 41 at 2.) Plaintiff claims that the invoice, which contains the logos of Defendant PTO and Defendant Countrywide HR, and "unambiguously [asserts] the right to payment is 'Countrywide HR DBA P.T.O. Services," sufficiently establishes a "sufficient nexus between the entities." (ECF No. 41 at 2.) Plaintiff asserts that the nexus between the companies, "coupled with the numerous issues of law and fact as evidence by the pleadings, supports consolidation of these two matters." (ECF No. 41 at 2.) Confusingly, after claiming that the instant motion to consolidate must be granted, Plaintiff requests "leave to conduct limited discovery into this relationship and renew its motion to consolidate upon completion of the same." (ECF No. 41 at 2.) However, the court finds that Plaintiff's request for an order to conduct limited discovery in the instant motion is improper. See Fed. R. Civ. P. 7(b) (explaining "[a] request for a court order must be made by motion").

Next, Plaintiff asserts that Defendants operated in South Carolina. (ECF No. 37.) Thus, "[t]he agreements at issue in both cases involve application of the same law – state common law and South Carolina's [Professional Employer Organizations] statute." (ECF No. 37 at 3.)

Defendants argue that there is "no claim of any corporate relationship with Countrywide HR that might affect the different contracts at issue . . . and no common issue of fact of law." (ECF No. 40 at 4.) Moreover, Defendants claim the governing law is different because the service

4

agreements "contain different choice-of-law provisions indicating that the contracts are not governed by South Carolina law." (ECF No. 40 at 4-5.)

The court observes that Plaintiff's Complaint challenges the validity of the service agreement. (ECF No. 1-1 at 8.) South Carolina practices traditional law choice of law rules. *See Witt v. Am. Trucking Ass'n, Inc.*, 860 F.Supp. 295 (1994). When there is a question of contract validity, "South Carolina courts apply the substantive law of the place where the contract at issue was formed." *Id.* at 300 (citing *O'Briant v. Daniel Constr. Co.*, 279 S.C. 254 (1983)). Further, "under South Carolina choice of law principles, if the parties to a contract specify the law under which the contract shall be governed, the court will honor this choice of law." *Nucor Co. v. Bell, LLC*, 482 F.Supp.2d 714, 728 (2007). Defendants contend that the contracts contain choice-of-law provisions indicating that the contracts are governed by the laws of Illinois and Florida. (ECF No. 40 at 4.) Consequently, the court finds that the cases do not involve a common question of law or fact.

## IV. CONCLUSION

For the reasons above, the court **DENIES** Plaintiff's Motion to Consolidate [C/A No. 0:15-cv-04629-JMC (ECF No. 37); C/A No. 0:16-cv-03249-JMC (ECF No. 5)] without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 10, 2017
Columbia, South Carolina

5