UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60630-CIV-MORENO/SELTZER

CAROLINA CARGO, INC. OF ROCK HILL,

    Plaintiff,

vs.

COUNTRYWIDE PAYROLL & HR
SOLUTIONS, INC., d/b/a Countrywide HR,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** has come before the Court upon Plaintiff's Motion in Limine (No. 1) [DE 76]. The District Court has referred all pretrial matters to the undersigned for appropriate disposition or recommendation [DE 56]. Plaintiff seeks an order excluding testimony regarding the statutory definition or meaning of a "professional employer organization" or "professional employer services" or whether Defendant's operations are governed by or subject to any applicable statutes or laws concerning "professional employer organizations" or "professional employer services." Defendant opposes the motion.

The Court identifies two problems with Plaintiff's motion in limine. First, the issue of statutory compliance is a central issue in the case; in fact, Plaintiff's specific claim is that Defendant was not licensed as required by the State of South Carolina [DE 1]. Second, this is a non-jury trial. The Court, therefore, is the finder of fact and ruler of the law. Plaintiff's motion would withhold from the Court precisely the information that it needs to resolve the case. A motion in limine is not appropriate in these circumstances:

> The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence. Id. In fact, courts are advised to deny motions in limine in non-jury cases. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2411 (3d ed.2008). When ruling on motions in limine, a court is forced to determine the admissibility of evidence without the benefit of the context of trial. See LaConner Assocs. Ltd. Liab. Co. v. Island Tug and Barge Co., No. C07–175RSL, 2008 WL 2077948, at *2 (W.D.Wash. May 15, 2008); Rettiger v. IBP, Inc., No. 96–4015–SAC, 1999 WL 318153, at * 1 (D.Kan. Jan.6, 1999) (recognizing that a court is almost always better situated during the actual trial to assess the value and utility of evidence). The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility. See Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., No. 01 Civ 3796(PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004).

Singh v. Caribbean Airlines Ltd., 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014). The District Court is well-equipped to determine at trial what evidence it will and will not receive or consider. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion in Limine (No. 1) [DE 78] is **DENIED** subject to rulings by the District Court at the time of trial.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of August 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished via CM/ECF to:
Hon. Federico Moreno
and counsel of record